UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO VILLAFLOR,
        Plaintiff,                       CASE NO.: 2:07-CV-13939

vs.                                   DISTRICT JUDGE BERNARD A. FRIEDMAN
                                      MAGISTRATE JUDGE STEVEN D. PEPE

STATE FARM MUTUAL AUTOMOBILE,

        Defendant.
_____/

### ORDER FOR A MEDICAL EXAMINATION (DKT. # 13)

On September 18, 2007, Plaintiff, Ricardo Villaflor, filed a Complaint against Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") (Dkt. # 1). Plaintiff's Complaint sought: (1) an order to show cause as to why State Farm has not complied with the No-Fault Act; (2) a money judgment, with costs, attorneys fees and interest; and (3) an order providing for an expedited trial. *Id*. at 3. Defendant filed an Answer on October 30, 2007 (Dkt. # 3). The Parties jointly filed a discovery plan on January 25, 2008 (Dkt. # 11), and Chief Judge Friedman issued a scheduling order on January 29, 2008 (Dkt. # 12).

On February 20, 2008, State Farm filed a Motion to Dismiss and for Costs (Dkt. # 13). Plaintiff has not replied to Defendant's motion. On February 25, 2008, this Motion to Dismiss was referred to the undersigned (Dkt. # 14).

**I.     Background:**

Plaintiff's Complaint arises from a January 19, 1994, automobile accident in which Plaintiff was injured and sustained closed head injuries (Dkt. # 1, p. 2). At the time of the accident, Plaintiff was insured by Defendant and although he has allegedly "complied fully with the requirements of said automobile policy" Defendant ". . . has failed and refused to pay No-Fault benefits as same are due to Plaintiff under provisions of the No-Fault Act, resulting in monies being now owed to Plaintiff, including attendant care benefits." *Id*. Plaintiff has demanded that Defendant "comply with the provisions of the No-Fault Act in the payment of benefits and to make payment of accrued monies owed to Plaintiff." *Id*.

Defendant has acknowledged that pursuant to a jury trial[1] and verdict, it has been paying no fault benefits to Plaintiff since September 2006 (Dkt. # 13, p. 1). Despite this verdict and Defendant's payments, Plaintiff filed this present suit contending that benefits are not being paid. *Id*. The current dispute appears to center upon the amount, if any, of "additional benefits" due Plaintiff. *Id*. Given this contention about payments, Defendant has sought to conduct independent medical examinations of Plaintiff.

Defendant, in its Motion to Dismiss, states that they scheduled two independent medical examinations of Plaintiff in order to determine the extent of his injuries and what sort of care he should receive. *Id*. at p. 2. On November 14, 2007, Plaintiff's counsel requested that these examination be postponed until after the holidays "so as to avoid upsetting him." *Id*. Defense counsel agreed to this request provided that the parties stipulate to and enter into an order compelling Plaintiff's appearance at a specific date and time. *Id*. Plaintiff's counsel never

---

[1] *Villaflor v. State Farm*, U.S.D.C. Case No. 04-CV747140.

responded to Defendant's offer, and Plaintiff did not show for the scheduled medical examinations. *Id*.

On February 4, 2008, Defendant's counsel contacted Plaintiff's counsel in an effort to try and schedule an independent medical examination. *Id*. at Ex. 4. As a result of the Defendant's failure to arrange an independent medical examination of Plaintiff, this motion was filed seeking that this Court (1) dismiss Plaintiff's complaint with prejudice and (2) award costs and attorneys fees associated with this motion and Plaintiff's failure to appear at previously scheduled independent medical examination. *Id*. at 3.

**II.     Legal Analysis:**

Under Michigan's No-Fault insurance act,[2] "when the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians." M.C.L.A. § 500.3151. Failure to comply with this statutory requirement can result in a court's issuance of:

> (a) An order that the mental or physical condition of the disobedient person shall be taken to be established for the purposes of the claim in accordance with the contention of the party obtaining the order.
> (b) An order refusing to allow the disobedient person to support or oppose designated claims or defenses, or prohibiting him from introducing evidence of mental or physical condition.
> (c) An order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it.
> (d) An order requiring the disobedient person to reimburse the insurer for reasonable attorneys' fees and expenses incurred in

---

[2] M.C.L.A. 500.3010 *et. seq.*

>defense against the claim.
>(e) An order requiring delivery of a report, in conformity with section 3152, on such terms as are just, and if a physician fails or refuses to make the report a court may exclude his testimony if offered at trial.

M.C.L.A. § 500.3153.

Michigan's Supreme Court has held that:

>In a no-fault automobile insurance case, the act and the provisions of the parties' insurance policy control whether any conditions may be placed on independent medical examinations. A trial court's ability to adjudicate disputes arising under the statute and the insurance policy regarding examinations is limited to the authority granted by the no-fault act itself, primarily the provisions of §§ 3142, 3148, 3151, 3153, and 3159, and such other sections as may apply. When an insured fails to demonstrate good cause that submission to a particular examination will cause annoyance, embarrassment, or oppression, the trial court may not impose conditions on the examination.

*Muci v. State Farm Mut. Auto. Ins. Co.*, 478 Mich. 178, 194 (Mich. 2007).

Defendant's memorandum supporting its motion to dismiss noted that "when the mental or physical condition of a party is in controversy, the court may order party to submit to a physical or mental examination" (Dkt. # 13, p. 6). Federal Rule of Civil Procedure 35(a) provides that "the court where the action is pending may order a party whose mental or physical condition — including blood group — is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).

Defendant notes that Plaintiff "was given appropriate notice of the scheduled IME with Dr. Greiffenstein, but Plaintiff failed to appear. Pursuant to FRDP 37(b)(2)(c), a remedy for Plaintiff's failure to appear at the scheduled IME is an order striking pleadings or dismissing the action for failure to comply with discovery" (Dkt. # 13, p. 7).

Defendant's memorandum highlights a discrepancy between the Federal Rule 35 and M.C.L.A. § 500.3151. Federal Rule 35(a) provides courts with considerable discretion noting that they "may" issue an order compelling physical or mental examinations. *Id*. Such an order requires "good cause" and must "specify the time, manner, conditions and scope of the examinations, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A),(B).

Fed. R. Civ. P. 37(b)(2)(C), to which Defendant refers, requires violation of an order, including one under Fed. R. Civ. P. 35(a). While M.C.L.A. § 500.3151 does not require issuance of a court order prior to the conduct of a physical or mental examination, prior to imposing the sanction of dismissal it is appropriate to enter and order for a medical examination and warn the party of the potential consequences of violating the order. Submission to such an examination is mandatory given the statute's requirement that "when the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians." M.C.L.A. § 500.3151. This establishes the good cause under Rule 35(a).

Federal Rule 37 also provides for the imposition of sanctions for the failure to comply with a court order. Fed. R. Civ. P. 37(b). Rule 37 provides that "serious consequences," including dismissal of a claim, may be appropriate for "any party or person who seeks to evade or thwart full and candid discovery." *Id.*[3]

With regard to M.C.L.A. §500.3153, which is the enforcement mechanism for M.C.L.A.

---

[3] Federal Rule 37 "establishes the mechanisms" by which other rules of discovery "can be made effective." 8 WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2281.

§ 500.3151, courts are permitted to "make such orders in regard to the refusal to comply with sections 3151 and 3152 as are just." M.C.L.A. §500.3153.

Accordingly, for the above stated reasons **IT IS ORDERED** that:

1.) Plaintiff shall submit to a medical examination with a licensed physician of Defendant's choosing.

2.) On or before, June 10, 2008, counsel for the parties, shall jointly provide this Court with the date, time and location and examiner's name when Plaintiff will submit to a medical examination. At that time, the Court will issue a Rule 35 order stipulating to this agreement.

3.) If Plaintiff does not cooperate in being examined as ordered, his claim in this suit may be dismissed with prejudice under 37(b)(2)(C) and M.C.L.A. § 500.3153(c).[4]

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: May 27, 2008                                s/ Steven D. Pepe
                                                   United States Magistrate Judge

---

[4] M.C.L.A. § 500.3153(c) permits judges to sanction those refusing to undergo an examination, pursuant to M.C.L.A. § 500.3151, by issuing "an order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it."

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 28, 2008.

                                              s/ Alissa Greer
                                              Case Manager to Magistrate
                                              Judge Steven D. Pepe
                                              (734) 741-2298