UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO VILLAFLOR,
    Plaintiff,       CASE NO.: 2:07-CV-13939

vs.             DISTRICT JUDGE BERNARD A. FRIEDMAN
               MAGISTRATE JUDGE STEVEN D. PEPE

STATE FARM MUTUAL AUTOMOBILE,

    Defendant.
                /

**ORDER DENYING DEFEDANT'S MOTION FOR PROTECTIVE ORDER (DKT. #20) AND GRANTING PLAINTIFF'S MOTION TO HAVE DEFENDANT'S ALLEGED FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF DEEMED NOT ADMITTED (DKT. #27)**

  1. On May 15, 2008, Defendant filed a motion for protective order to preclude Plaintiff's counsel from intimidating Defendant's representatives, utilizing aggressive interrogation tactics, questioning Defendant's employees regarding their personal information, threatening Defendant's witnesses and Defendant's counsel with the imposition of monetary sanctions, limiting the depositions of Defendant's witnesses to questions only as they pertain to Plaintiff's characterization of the case, demanding that Defendant's claim representatives or employees produce documents from the claims file during the course of a deposition and asking Defendant's employees for their opinions on legal documents. Defendant sought to have all further depositions of its employees and witnesses to be held in their office and to allow Defense counsel the authority to terminate any deposition in which Plaintiff's counsel violates the protection order, to file motions for sanctions if such a violation occurs and to videotape and record depositions of its employees.

  On August 20, 2008, a hearing was held on this matter and it was agreed by counsel that they would conduct themselves according to the Civility Principles as adopted by the United

States District Court - Eastern District of Michigan and to videotape all future depositions. Accordingly, Defendant's motion for protective order is **DENIED.**

The parties should contain their discovery in depositions and otherwise to nonprivileged matters relevant to the present claims or defenses under the Michigan No Fault Automobile Insurance Act. This involves the question of whether Plaintiff incurred allowable expenses related to his January 1994 automobile injuries, including attendant care. The statute provides for punitive interest of 12% if payments are overdue after submission of reasonable proof of the fact and amount of the loss to Statue Farm, and punitive attorney fees may be awarded for the insured if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed making proper payment.[1] Plaintiff need not demonstrate bad faith of the insurer to receive these statutory enhancements to the recovery, but merely that allowable benefits were overdue, and that the insurer has failed to demonstrate a bona fide factual uncertainty as to the fact, the necessity or the amount of the expenses incurred for the plaintiff's care, recovery or[1]

---

[1] This Court has earlier determined that a jury finding that the payment for allowed benefits is overdue after the insured submitted "reasonable proof" of his entitlement to attendant care benefits "conclusively establishes plaintiff's entitlement to attorney fees." April 19, 2007, <u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>, in *Villaflor v. State Farm, Case #* 04-CV-74140, Dkt. # 153. While it may be that such a finding of benefits being overdue only creates a presumption of entitlement to attorney fees (*Attard v. Citizens Ins. Co. of America,* 237 Mich.App. 311, 317 (1999); *Bloemsma v. Auto Club Ins. Co.,* 174 Mich.App. 692, 696-697 (1989); *McKelvie v. Auto Club Ins. Ass'n*, 203 Mich.App. 331, 335(1994)), in such a case attorney fees will be awarded unless the defendant demonstrates that payments were not made because of a legitimate question of statutory construction, constitutional law, or some bona fide factual uncertainty. *McCarthy v. Auto Club Ins. Ass'n*, 208 Mich.App. 97, 103 (1994) *Liddell v. DAIIE,* 102 Mich.App. 636, 650, (1981); *Gobler v. Auto-Owners Ins. Co.,* 428 Mich. 51, 66, 404 N.W.2d 199 (1987); *United Southern Assurance Co. v. Aetna Life & Casualty Ins. Co.,* 189 Mich.App. 485 (1991).

rehabilitation. It is believed that the legislature in lowering the standards of proof traditionally required for such punitive interest and attorney fee enhancements in contact claims there was a desire to simplify the trial and lesson the costs of trial preparation in no fault cases. Any efforts by an attorney for a claimant to go beyond the realm of discovery of what is needed under the statute and to enter the realm of extensive, expansive, and expensive discovery beyond those statutory requirements in an effort to put the defendant and its agents on trial for bad faith in denying legitimate claims runs counter to the legislative intent of the No Fault Act and would defeat certain of its important purposes. The scope and costs of discovery and trial would be greatly enlarged if this were allowed. If the attorneys for parties in this case cannot in good faith arrive at a reasonable and civil discourse and understanding as to the scope and style of undertaking discovery without judicial supervision, further orders of the court can be entered including having all depositions taken at the court when a judicial officer is available to make needed rulings, or alternatively appointing a special master to be paid for by the parties to supervise discovery. At present, it is anticipated that the attorneys' compliance with the Civility Principles of this Court possibly enhanced by the fact that various depositions will be videotaped will make further orders on depositions in this case unnecessary.

2. On June 12, 2008, Plaintiff filed a motion to have Defendant's alleged first request for admissions to Plaintiff deemed not admitted (Dkt. #27). Defendant State Farm claims that it served Plaintiff with Defendant's First Request for Admissions to Plaintiff on March 11, 2008 via U.S. Mail in accordance with Fed. R. Civ. R. 5(b)(1) and 5(b)(2)(C),which is verified by Proof of Service. Plaintiff contends that they never received that request.

At the August 20, 2008 hearing on the matter, the parties agreed to allow Plaintiff the

opportunity to respond to the first request for admissions. Accordingly, Plaintiff's motion to have Defendant's alleged first request for admissions to Plaintiff deemed not admitted is GRANTED and Plaintiff's counsel will file answers by September 2, 2008.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

SO ORDERED.

Dated: August 22, 2008                                    s/ Steven D. Pepe
     Ann Arbor, Michigan                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means on August 22, 2008

                                                         s/ Alissa Greer
                                                         Case Manager to Magistrate
                                                         Judge Steven D. Pepe
                                                         (734) 741-2298